# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AMALIN HAZBUN ESCAF,
        *Plaintiff-Appellee,*

v.                                      No. 02-1487

ISIDORO RODRIGUEZ,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-01-1926-A)

Argued: October 29, 2002

Decided: December 11, 2002

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**COUNSEL:** Isidoro Rodriguez, THE RODRIGUEZ LAW FIRM, Alexandria, Virginia, for Appellant. Patrick Hanley Stiehm, STIEHM LAW OFFICE, Alexandria, Virginia, for Appellee. **ON BRIEF:** Stephen J. Cullen, MILES & STOCKBRIDGE, P.C., Towson, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

This case is brought under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 19 I.L.M. 1501 (Hague Convention). Isidoro Rodriguez appeals the district court's order requiring (pursuant to the Hague Convention) the return of his thirteen-year-old son, Isidoro, to Colombia, Isidoro's country of habitual residence and the residence of his mother. We affirm.

I.

Amalin Hazbun Escaf (Hazbun), a Colombian citizen, married Isidoro Rodriguez (Rodriguez), a U.S. citizen, in Colombia in 1988. They lived in Barranquilla, Colombia after the marriage. In 1989 the couple had a son, Isidoro Rodriguez Hazbun (Isidoro), and Isidoro has joint Colombian-U.S. citizenship. Hazbun and Rodriguez divorced in 1997, and both continued to live in Barranquilla. Rodriguez claims that he and Hazbun had an initial oral agreement providing that Isidoro would split his time evenly between his parents; Hazbun disputes this. In August 1997 a Colombian family court approved a different custody agreement entered into between Hazbun and Rodriguez. The court-approved agreement provided that Isidoro would live primarily with his mother, but would spend every other weekend with his father.

Rodriguez returned to the United States in January 2000, taking up residence in Virginia. Later in 2000 Isidoro spent summer and Christmas vacations with Rodriguez in the United States. After Isidoro returned to the United States for a visit during the summer of 2001, Rodriguez filed (in Isidoro's name) a petition for a change of custody in the Fairfax County, Virginia, Juvenile and Domestic Relations Court. Rodriguez then sent a facsimile transmission to Hazbun, telling

her that Isidoro would be staying in the United States and would not be returning to Colombia. Included in the transmission to Hazbun was (1) a letter from Isidoro to his mother, saying that he wanted to stay with his father and (2) a copy of the petition for change of custody.

In August 2001 Hazbun filed a Hague Convention Return Application with the Colombian Civil Authority, seeking Isidoro's return to Colombia under the Hague Convention. In December 2001 Hazbun sued Rodriguez in federal court in the Eastern District of Virginia, asking for an order requiring Isidoro's immediate return to Colombia under the Hague Convention and its implementing legislation, 42 U.S.C.A. § 11601 et seq. (West 1995 & Supp. 2002).

Rodriguez filed a motion to dismiss Hazbun's complaint, raising several issues that were thoroughly considered by the district court. First, the district court rejected Rodriguez's argument that it lacked subject matter jurisdiction, concluding that jurisdiction was proper under 42 U.S.C.A. § 11603(a). Second, the district court rejected Rodriguez's argument that Isidoro was an indispensable party in the federal lawsuit and that the failure to join him was grounds for dismissal. Because a Hague Convention proceeding deals with the rights of those claiming custody, Hazbun and Rodriguez in this case, the court determined that it could afford complete relief to the parties without joining Isidoro. The court thus concluded that Isidoro was not an indispensable party, although the court was careful to note that his rights and wishes could be taken in account. Third, the district court rejected Rodriguez's arguments that it should abstain from deciding the Hague Convention case while a state custody proceeding was pending. The court determined that *Younger v. Harris*, 401 U.S. 37 (1971), did not require it to abstain. The court noted that *Younger* calls for federal courts to abstain from decision when (1) a concurrent state proceeding is pending, (2) an important state interest is implicated, and (3) the parties may seek review of their federal claims in state court. The court concluded that Rodriguez's argument failed on the second *Younger* requirement because Hague Convention cases implicate only the international movement of children, which is a federal, rather than a state, interest. The district court also declined to abstain based on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), which applies only when ongoing federal and state proceedings are parallel. Because the federal and

state proceedings here do not involve the same parties and issues, the court concluded that they are not parallel and that *Colorado River* does not apply.

After denying Rodriguez's motion to dismiss, the district court held a bench trial to determine whether Isidoro had been "wrongfully removed or retained in" the United States, a country that is a party to the Hague Convention. In its final opinion, which set forth findings of fact and conclusions of law, the district court found that Colombia was Isidoro's habitual residence and that he had been wrongfully retained in the United States. The court then considered and rejected possible defenses to Hazbun's claim that Isidoro should be returned to Colombia. First, the district court determined that Rodriguez had not presented clear and convincing evidence that Isidoro would be at grave risk if he returned to Colombia. Second, the court determined that Isidoro — who said that his preference was to remain in the United States for now, but that later he wanted to spend equal time in the United States and Colombia — was not of a sufficient age and maturity for his views to be given conclusive weight. The district court ultimately concluded that the Hague Convention and 42 U.S.C.A. § 11603 et seq. required that Isidoro be returned to Colombia forthwith, and an order to that effect was entered. After Rodriguez was unsuccessful in his efforts in this court and in the Supreme Court to obtain a stay pending appeal, Isidoro was returned to Colombia on June 11, 2002, pursuant to the district court's order.

## II.

Rodriguez appeals, challenging the district court's decision that Isidoro is not an indispensable party, its refusal to abstain, and its determination that Rodriguez did not establish a defense under the Hague Convention. Rodriguez also asserts that the proceedings in district court violated his parental rights and Isidoro's due process rights.

The district court noted that this case arises from "an exceptionally difficult situation" for Isidoro and for the parties. We agree. Accordingly, we have carefully considered the briefs, the joint appendix, and the oral arguments. We conclude that the proceedings in district court did not violate either Rodriguez's or Isidoro's rights. As to the other issues, we affirm on the reasoning of the district court. *See Hazbun*

*v. Rodriguez*, 191 F. Supp. 2d 685 (E.D. Va. 2002) (opinion denying motions to dismiss); *Hazbun v. Rodriguez*, 200 F. Supp. 2d 603 (E.D. Va. 2002) (memorandum opinion containing findings of fact and conclusions of law).

*AFFIRMED*